————o————

KRYN DYKEMA AND LEONARD DYKEMA v. THE MINNE-
APOLIS, ST. PAUL & SAULT STE. MARIE
RAILWAY COMPANY.

*Contract—Certainty of provisions—Damages.*

Defendant owned an elevator at Gladstone, Michigan, and contracted with the plaintiffs to turn it. over to them, to be operated by them in the transaction of the grain business, in which they were engaged. The defendant was to pay on all grain transferred from cars to vessels one-half a cent per bushel for such transfer, and was to have the privilege, if desired, of supervising the weighing of all grain weighed from the cars to the house, and from the house to vessels. And it is held that there is no such uncertainty about the terms of the contract as was the case in *Davie v. Mining Co.*, 93 Mich. 491, where it was held that an agreement by which miners were to work at mining the ore in a specified pit for $1.50 per ton, " as long as they could make it pay," was not of such a character as to entitle them to damages for its breach; that here the contract is definite, and evidently contemplated the transfer of such grain as was received by the defendant in the usual course of business.

Error to Delta. (Stone, J.) Argued April 12, 1894. Decided June 16, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*E. C. Chapin* and *J. F. Carey* (*Alfred H. Bright,* of counsel), for appellant.

*Mead & Jennings,* for plaintiffs.

McGrath, C. J. In August, 1889, defendant entered into a written contract with plaintiffs, whereby plaintiffs were to operate defendant's elevator at Gladstone, and were to receive one-half a cent per bushel for all grain transferred from cars to vessels. Either party had the right to terminate the contract upon 90 days' notice in writing. Plaintiffs operated the elevator until October 8, 1890, when they received from defendant a written notice of termination, to take effect 90 days from that date. Defendant did not act under this notice, but on October 20, 1891, took possession without further notice, and this suit is brought for the breach of the contract. It appeared that after October 20, and within the 90 days, 962,864 bushels of grain had been transferred through the elevator. The court held that, under the contract, defendant was under no obligation to deliver any grain for transfer, but that, inasmuch as defendant had, on October 19, given instructions respecting the transfer of 290,766 bushels, it was left to the jury to determine whether the immediate handling of that grain was not contemplated; and the sole controversy is as to the submission to the jury of that item.

There was no such uncertainty about the terms of this contract as was the case in *Davie v. Mining Co.,* 93 Mich. 491. Here the contract was definite, and evidently contemplated the transfer of such grain as was received by the railway company in the usual course of business.

We find no error in the record, to defendant's prejudice, and the judgment is affirmed.

The other Justices concurred.